IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:12CR49-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | FINAL ORDER AND |
| v. | ) | JUDGMENT CONFIRMING |
| | ) | FORFEITURE |
| MARTIN MARTINEZ SALDANA | ) | |

THIS MATTER is before the Court on the United States of America's Motion for Final Order and Judgment Confirming Forfeiture. The United States requests, pursuant to Fed. R. Crim. P. 32.2(c)(2), that this Court enter a Final Order and Judgment Confirming forfeiture of the real properties identified in the Preliminary Order of Forfeiture (Doc. 112) in this case. For good cause shown and for the reasons set forth herein, this Court will GRANT the Motion. In support of granting the Motion, this Court FINDS AS FOLLOWS:

**I.   Background**

On May 1, 2015 this Court entered a Preliminary Order of Forfeiture (Doc. 112) of numerous real properties on the bases that the properties were proceeds of and/or constituted property involved in, used, or intended to be used to facilitate the commission of narcotics offenses of which a jury found Defendant guilty at trial as charged in Count One of a First Superseding Bill of Indictment (Doc. 25).

From May 5, 2015 through June 3, 2015, the United States published, via www.forfeiture.gov, notice of this forfeiture and of the intent of the Government to dispose of the forfeited property according to law, and further notice to all third parties of their right to petition the Court within sixty days from May 5, 2015, for a hearing to adjudicate the validity of any alleged legal interest in the property. (Doc. 126).  On May 4, 2015, the United States also sent direct notice, via United States Postal Service Certified Mail, Return Receipt Requested, to Yadkin Bank

and Betty Sue Houck, notifying each of this forfeiture action and of the Government's intent to dispose of the forfeited property in accordance with the law, and further notifying recipients of the right to submit a verified claim to this Court within thirty (30) days of the receipt of the notice.

Betty Sue Houck did not file a petition. Further, although Yadkin Bank did not file a petition on the record, the Government entered into a Settlement Agreement (Doc. 127) with Yadkin Bank which provides for certain payments to Yadkin upon sale of the preliminarily forfeited real property at 148 Ervin Houck Drive. No petitions are pending[1] and the Fourth Circuit has affirmed this Court's denial of Defendant's motion for acquittal (Doc. 142).

## II. Legal Conclusions

Pursuant to Rule 32.2(c)(2), "[w]hen the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." The parties settled Yadkin Bank's interest as set forth in the Settlement Agreement. No other individuals or entities have filed petitions and the time for doing so has expired. Therefore, issuance of the requested Final Order is appropriate to give the Government clear title to the forfeited assets, subject to any rights set forth in the Settlement Agreement.

It is, therefore, ORDERED:

In accordance with Rule 32.2(c)(2), the Preliminary Order of Forfeiture is confirmed as final. Thus, subject to recognition of the interest set forth in the Settlement Agreement, all right, title, and interest in the following property, whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c), and the United States shall have clear title to the

---

[1] As the Government notes in its Motion, although Defendant filed a 21 U.S.C. § 853(h) Motion (Doc. 147) requesting a stay of forfeiture, Section 853(h) is not a provision available for use by *a defendant*. Further, Fed. R. Crim. P. 32.2(d), the provision for a stay that is available for use by a defendant, only applies to a stay in the instance of a direct appeal of a conviction and, not, as is pending in this case, a Section 2255 petition appeal.

property and may warrant good title as set forth in 21 U.S.C. § 853(n)(7):

**148 Ervin Houck Drive, West Jefferson, Ashe County, NC 28694 as more particularly described in a Deed recorded in the Register of Deeds office, Ashe County, North Carolina, at Deed Book 247, Pages 1055-1058;**

**178 Ervin Houck Drive, West Jefferson, Ashe County, NC 28694 as more particularly described in a Deed recorded in the Register of Deeds office, Ashe County, North Carolina, at Deed Book 247, Pages 1055-1058;**

**212 Ervin Houck Drive, West Jefferson, Ashe County, NC 28694 as more particularly described in a Deed recorded in the Register of Deeds office, Ashe County, North Carolina, at Deed Book 431, Pages 1540-1541; and**

**Non-postal enumerated parcel bearing PIN 13194-314, West Jefferson, Ashe County, NC 28694 as more particularly described in a Deed recorded in the Register of Deeds office, Ashe County, North Carolina, at Deed Book 420, Pages 960-961.**

Signed: May 10, 2019

Frank D. Whitney
Chief United States District Judge